**Date signed January 26, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| SYLVIA C. PALM | * | Case No.   03-31312 PM |
| | * | Chapter    13 |
| | * | |
| Debtor | * | |
| ****************************************  | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| vs. | * | Adversary   No. 04-01954 PM |
| OPTION ONE MORTGAGE CORP., | * | |
| et al. | * | |
| | * | |
| Defendant/Respondent(s) | * | |

### MEMORANDUM OF DECISION

Before the court is the motion to dismiss filed by Defendants Draper & Goldberg, PLLC ("D&G"), L. Darren Goldberg ("Goldberg"), James Holderness ("Holderness"), and Erica Broyles ("Broyles") and the motion to dismiss or, in the alternative, motion for summary judgment filed by Defendant Option One Mortgage Corporation ("Option One"). Plaintiffs Sylvia C. Palm ("Palm") and Lillian H. Allen ("Allen") filed responses to each of these motions.

MATERIAL FACTS

Allen and Palm are the current co-owners and co-mortgagors of property known as 13109-B Millhaven Place in Germantown, Maryland. Defendant Option One is the holder of a note secured by a deed of trust on the subject property. Palm filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 25, 2003. Allen has assigned all of her claims against the Defendants to Palm's bankruptcy estate.

Defendant Option One filed a proof of claim in the amount of $124,296.66, including $30,333.36 in pre-petition arrearages. A foreclosure action was instituted in December 2002 in the Circuit Court for Montgomery County by D&G on behalf of Option One and, on January 24, 2003, the residence was sold at a foreclosure sale. Defendants Goldberg, Holderness and Broyles (collectively, the "Trustees") served as substitute trustees at the sale. Due to inadequate notice, the sale was set aside. Pursuant to the consent order setting aside the foreclosure sale, Option One was not to be reimbursed for any fees and expenses in connection with the foreclosure sale. The consent order did not resolve the questions of whether there had been a default and whether the foreclosure action should have been instituted in the first place.

The Plaintiffs' complaint alleges that Option One wrongfully created the default by purchasing redundant hazard insurance and by paying real property taxes in full and before they became subject to an interest penalty. By letter from Option One dated December 31, 2001, Allen was informed that Option One had no information regarding current property insurance coverage and was asked to forward proof of such coverage. The Plaintiffs allege that no further communication was received from either Option One or its attorneys, D&G, until December 2002, at which time D&G sent a default letter to Allen. The Plaintiffs further allege that Palm repeatedly attempted to provide Option One with proof of coverage but to no

2

avail, and that D&G failed to respond to a December 29, 2002, letter from Palm that disputed the default as well as to subsequent letters from Palm's attorney. The Plaintiffs admit that D&G sent them a reinstatement letter but allege that such letter was mailed to an incomplete address and not received until after the foreclosure sale.

In Count I of the Complaint, the Plaintiffs object to Option One's proof of claim. As to this count, Defendant Option One filed an answer, asserting that the Plaintiffs were in fact in default and therefore the institution of foreclosure proceedings was not improper, and D&G and the Trustees (collectively, the "D&G Defendants") asserted in their motion to dismiss that they would not respond to Count I because they did not file a proof of claim. In Count II, the Plaintiffs allege that the Defendants engaged in a wrongful foreclosure by breaching their duty not to foreclose unless authorized to do so by law and/or under the terms of the applicable promissory note and deed of trust. In Count III, the Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C., §§ 1692-1692o, namely that 1) the December 2002 default letter by D&G was inadequate because it failed to state that collection efforts would cease if Palm disputed the debt; 2) the Defendants did not verify the debt upon receipt of Palm's letter disputing the default nor mail such verification to Palm; and 3) the Defendants sought to collect amounts to which they were not entitled and harassed, oppressed and abused Palm in connection therewith. In Count IV, the Plaintiffs allege that the Defendants violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., § 14-201 *et. seq.* of the Commercial Law Article, by attempting to collect money to which they were not entitled, wrongfully declaring default, wrongfully selling the property at foreclosure, and knowingly publishing false information. In Count V, the Plaintiffs allege that the Defendants violated the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., § 13-

101 *et. seq*. of the Commercial Law Article, by engaging in unfair and deceptive conduct. Count VI, VII and VIII are claims for malicious use of process, breach of contract and breach of fiduciary duty, respectively.

By a prior order, this court ruled that Allen's claim should be dismissed on the ground that, because she has assigned all rights against the Defendants to Palm's bankruptcy estate, she lacks standing. As to Palm, Option One sets forth two alternative arguments: 1) Palm does not have standing, and 2) Counts II, III, IV, V, VI and VIII should be dismissed for failure to state a claim upon which relief may be granted. The D&G Defendants argue that all claims against D&G should be dismissed inasmuch as the Plaintiffs have failed to plead any acts or omissions by this entity. The D&G Defendants also argue that Counts II-VIII should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

*I. Sylvia Palm*

Option One argues that Sylvia Palm does not have standing to pursue the claims asserted in the Complaint. It asserts that Palm surrendered her right to dispose of or otherwise control her property once it vested in the bankruptcy estate so that only the Chapter 13 trustee has standing to pursue the allegations set forth in the Complaint. In their memorandum in support of their response to Option One's motion to dismiss, the Plaintiffs argue that § 1303 of the Bankruptcy Code grants a Chapter 13 debtor the power to use, sell or lease the property of the estate, pursuant to § 363, to the exclusion of the Chapter 13 trustee.

The court holds that the debtor has standing to bring this action on behalf of the Chapter 13 bankruptcy estate. Authority for this proposition may be found in such cases as *Cable v. Ivy Tech State College*, 200 F.3d 467 (CA7 1999) and *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513

(CA2 1998).

## II. Draper & Goldberg

The D&G Defendants argue that all claims against D&G should be dismissed because the Plaintiffs have failed to state any acts or omissions on the part of the D&G that would give rise to the causes of action set forth in the Complaint. The Complaint, however, does allege acts that D&G, as opposed to the Trustees, committed in connection with the foreclosure; therefore, a summary dismissal of all counts against D&G is inappropriate.

## III. Failure to State a Claim

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), applicable to this case by Federal Rule of Bankruptcy Procedure 7012(b)(6), the court must take the facts alleged in the complaint as true. *See, e.g., Doe v. Doe*, 973 F.2d 237, 238 (CA4 1992); *Finlator v. Powers*, 902 F.2d 1158, 1160 (CA4 1990). Here, the court will analyze each cause of action in the Complaint separately.

### A.    *Wrongful Foreclosure*

Count II of the Complaint alleges that Option One breached its duty to the Plaintiffs not to foreclose their interest in the subject property unless authorized to do so by law or under the terms of the applicable promissory note and deed of trust. Both Option One and the D&G Defendants argue in their motions to dismiss that a claim for wrongful foreclosure must fail because a foreclosure sale did not, in fact, occur. In their response to the Defendants' motions, the Plaintiffs allege that, notwithstanding the fact that the sale was not ratified, they suffered emotional distress due to the sale. At the hearing on these matters, both Defendants also argued that Maryland law does not recognize a cause of action for wrongful

5

foreclosure.

The crux of this claim are two related and heavily disputed issues, namely whether the alleged default was caused solely by Option One's redundant purchase of insurance and premature payment of real property taxes and whether Option One was entitled to institute foreclosure proceedings therefor. As noted in the Complaint, the Circuit Court of Montgomery County chose not to rule upon the propriety of the foreclosure sale when it entered a consent order setting aside the foreclosure sale. These unresolved issues are also at the crux of Count VI (Malicious Use of Process), and this court finds that Count II does not state the basis of any additional claim apart from that already alleged in Count VI. Therefore, Count II will be dismissed.

*B. Fair Debt Collection Practices Act*

Count III alleges several violations of the FDCPA based upon D&G's December 2002 default letter as well as upon the Defendants' actions after Palm allegedly informed them that she was disputing the default. In their motions to dismiss, Option One and the D&G Defendants assert that the Plaintiffs' claims were barred by the statute of limitations under 15 U.S.C. § 1692k(d), which provides that

> [a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount of controversy, or in any other court of competent jurisdiction, within **one year** from the date on which the violation occurs. (emphasis added)

As the Defendants correctly point out, D&G's December 2002 letter is the basis for the Plaintiff's FDCPA claim. The Plaintiffs, however, did not file this action until August 12, 2004 - 20 months after the occurrence of the alleged default. Because the Plaintiffs filed this action after the statute of limitations ran under 15 U.S.C. § 1692k(d), Count III will be dismissed.

*C.  Maryland Consumer Debt Collection Act*

Count IV alleges that the Defendants engaged in a number of activities that violated the MCDCA, thereby causing the Plaintiffs to experience emotional distress and mental anguish.  The Defendants argue that the Plaintiffs stated only conclusory allegations, rather than pleading specific acts and omissions.  The Defendants further argue that, in light of the fact that recent case law has held that foreclosure is not debt collection under the FDCPA, foreclosure should not be deemed to be debt collection under the MCDCA.

Count IV sets forth a list of activities engaged in by the Defendants that allegedly violates the MCDCA:

> The defendants sought to collect from the plaintiffs amounts that they are not lawfully entitled to collect, declared the subject loan to be in default when they knew it was not, sold the property at foreclosure when they knew they did not have the right to do so, and threatened to publish and did publish this false information in the foreclosure action and in the newspapers with knowledge of its falsity.

This court finds that Palm's recitation of the Defendants' alleged conduct states a claim under the MCDCA.  Therefore, Count IV survives dismissal.

*D.*     *Maryland Consumer Protection Act*

Count V alleges that the Defendants violated the MCPA by engaging in unfair and deceptive conduct.  The D&G Defendants argue that they are not subject to the MCPA inasmuch as § 13-104(1) exempts the professional services of lawyers.  Option One argues that Count V states only conclusory allegations, rather than pleading specific acts and omissions.

This court finds that the provisions of the MCPA apply to the Trustees in the instant matter because they were not acting as lawyers when they served as trustees under the deed of trust.  The mere fact that they are licensed attorneys does not, in and of itself, exempt them from the provisions of the MCPA.

In their memorandum in support of their response to Option One's motion to dismiss, the Plaintiffs purport to "paraphrase" the Complaint and list acts by the Defendants that allegedly violate the MCPA. The Complaint, however, contains nothing more than a conclusory statement that "the defendants['] conduct was unfair and deceptive" and does not specify which of the multitude of acts allegedly undertaken by the Defendants violate the MCPA in particular. Therefore, Count V will be dismissed.

*E. Malicious Use of Process*

Count VI asserts a claim for malicious use of process, alleging that "[t]he defendants lacked probable cause to institute the foreclosure proceedings and sell the property, and did so with malice toward the plaintiffs .... The wrongful foreclosure sale caused the debtor to suffer extreme emotional harm and to lose her job." Both the D&G Defendants and Option One argue that the Plaintiffs did not properly plead this cause of action.

In order to bring an action for malicious use of process, a plaintiff must establish each of the five elements: 1) a prior civil proceeding was instituted by the defendant, 2) the proceeding was instituted without probable cause; 3) the prior civil proceeding was instituted with malice; 4) the proceeding must have terminated in favor of the plaintiff; and 5) damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury. *See One Thousand Fleet Limited Partnership v. Guerriero*, 694 A.2d 952, 956 (Md. 1997). Count V of the Complaint specifically alleges lack of probable cause, malice and damages. Allegations regarding the foreclosure sale (the prior civil proceeding at issue) and the subsequent setting aside of this sale were incorporated into Count VI by reference. Accordingly, the Plaintiffs adequately alleged each of the elements of the tort of malicious use of process and, at this early stage, they have done everything that is required of them. Count VI survives

dismissal.

### F. Breach of Contract

Count VII asserts a claim for breach of contract, alleging that, due to Option One's actions, the Plaintiffs were not given the opportunity to exercise their right of reinstatement. The Complaint further alleges that the promissory note and deed of trust do not authorize Option One "to purchase redundant hazard insurance coverage and seek reimbursement from Allen" or "to seek reimbursement for unnecessary or unreasonable attorney's fees or foreclosure costs." The D&G Defendants argue that inasmuch as they were not parties to the deed of trust – the contract at issue – they are not liable to the Plaintiffs under any contract.

The Trustees served as substitute trustees under the deed of trust upon which they foreclosed and therefore, they were not, as the D&G Defendants argued, a "non-party". D&G, however, was not a party to the deed of trust. Inasmuch as privity of contract exists only between the Trustees and the Plaintiffs, Count VII survives dismissal as to the Trustees but will be dismissed as to D&G.

### G. Breach of Fiduciary Duty

Count VIII asserts the Defendants breached the fiduciary duty owed to the Plaintiffs under the deed of trust "by selling the property at foreclosure, and by engaging in self dealing and submitting claims for excessive or bogus fees." The D&G Defendants argue that a cause of action for breach of fiduciary duty is not recognized under Maryland law, whereas Option One argues that the relationship between a bank and its customer is contractual, rather than fiduciary, in nature.

In Maryland there is no generic cause of action at law that is assertable against all fiduciaries. *Kann v. Kann*, 690 A.2d 509, 521 (Md. 1997). As the Court of Appeals explained in *Kann*:

9

>Accordingly, we hold that there is no universal or omnibus tort for the redress of breach of fiduciary duty by and all fiduciaries. This does not mean that there is no claim or cause of action available for breach of fiduciary duty. Our holding means that identifying a breach of fiduciary duty will be the beginning of the analysis, and not its conclusion. Counsel are required to identify the particular fiduciary relationship involved, identify how it was breached, consider the remedies available, and select those remedies appropriate to the client's problem.

*Id*. *See also BEP, Inc. v. Atkinson*, 174 F. Supp. 2d 400 (D. Md. 2001) (adopting the *Kann* test in determining if breach of fiduciary claim was properly asserted).

Applying the *Kann* test, the court concludes that the Plaintiffs have properly asserted a cause of action for breach of fiduciary duty against the Trustees. The Complaint alleges that "[t]he defendants are accountable to the plaintiffs as fiduciaries when exercising the powers of a trustee under the subject deed of trust" and thus identifies the particular fiduciary relationship involved. *See* Md. Code Ann., § 15-102(3)(i) of the Estates and Trusts Article (a "trustee acting under a deed" is a fiduciary). Furthermore, the Complaint identifies the specific conduct of the Trustees that constituted a breach of fiduciary duty (i.e., the institution of foreclosure proceedings without authority to do so).

The Complaint, however, does not properly assert a cause of action for breach of fiduciary duty against D&G. The Plaintiffs allege how D&G breached its fiduciary duty without bothering to establish that a fiduciary relationship did, in fact, exist. Therefore, the Plaintiffs failed to "identify the particular fiduciary relationship involved" as they are required to do under *Kann*.

Furthermore, although the Complaint identifies specific conduct by Option One (i.e., it demanded excessive foreclosure fees and costs in its reinstatement letter and in its proof of claim) that allegedly constitutes a breach of fiduciary duty, the court agrees with Option One that, absent special circumstances, a bank (or mortgage company as the case may be) does not owe a fiduciary duty to its customers. *See*

*Yousef v. Trustbank Savings, F.S.B.*, 568 A.2d 1134, 1138 (Md. App. 1990) ("It is pellucid that, in Maryland, the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor, and is not fiduciary in nature"); *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. App. 1992) (finding that ordinary contractual relationship may be transformed into a fiduciary relationship if special circumstances exist, *e.g.*, the bank provides extra services to borrower other than loaning money or the bank receives a greater economic benefit from the transaction beyond that received from a normal mortgage). *See also Steigerwald v. Bradley*, 136 F. Supp. 2d 460 (D. Md. 2001) (citing *Yousef and Parker* in determining that no fiduciary relationship exists between lender and borrower).

Accordingly, Count VIII will be dismissed as to D&G and Option One but will survive as to the Trustees.

## CONCLUSION

Based upon the foregoing, the court will dismiss Counts II , III, and V in their entirety. The court will dismiss Count VII as to D&G and Count VIII as to D&G and Option One. The motions to dismiss are denied as to Counts IV and VI.

The court will set a hearing on Option One's motion for summary judgment.

An appropriate order is filed herewith.

**End of Memorandum**