Date signed September 14, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SYLVIA C. PALM | : | Case No. 03-31312PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| SYLVIA C. PALM | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-1954PM |
| | : | |
| OPTION ONE MORTGAGE CORP. | : | |
| DRAPER & GOLDBERG, P.L.L.C. | : | |
| L. DARREN GOLDBERG | : | |
| JAMES W. HOLDERNESS | : | |
| ERICA BROYLES | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| OPTION ONE MORTGAGE CORP. | : | |
| Crossclaim-Plaintiff | : | |
| vs. | : | |
| | : | |
| DRAPER & GOLDBERG, P.L.L.C. | : | |
| L. DARREN GOLDBERG | : | |
| JAMES W. HOLDERNESS | : | |
| ERICA BROYLES | : | |
| Crossclaim-Defendants: | | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court are the Motions of the Defendant Option One Mortgage Corporation ("Option One") to extend the discovery deadline to permit it to take depositions and to extend

other deadlines, together with the Motion to Compel Answers to Interrogatories and [to Compel] Document Production and the response thereto.  The court conducted a hearing on September 1, 2005.

The Complaint, filed on August 9, 2004, complains of various actions by Option One and its agents in eight separate counts or claims.  Since filing, summary judgment has been granted the Defendant Option One on Count VI.  Counts II, III and V of the Complaint have been dismissed as to all defendants, and Count VII has been dismissed as to Option One.  This action deals with an alleged wrongful foreclosure action filed to enforce the lien of Option One.  The action was filed on December 12, 2002, as Case No. 238807 in the Circuit Court for Montgomery County, Maryland.  A foreclosure sale is said to have taken place on January 24, 2003, that was later set aside by an Order of the Circuit Court entered June 3, 2003.

Count I of the Complaint consists of an objection to the proof of claim filed on behalf of Option One on January 15, 2004.  The proof of claim is in the sum of $124,296.66 with alleged arrearages of $30,333.36.  While the original documents for the secured loan were signed by Lillian H. Allen, Debtor's mother, and while the Debtor never assumed any personal liability on the loan, her mother transferred an interest in the property to her without consideration by Deed dated February 24, 1998.  Thus, pursuant to § 102(2) of the Bankruptcy Code, Option One holds a claim against the Debtor.  Option One filed a pleading to effect the withdrawal of its proof of claim on August 19, 2005, to which Debtor filed an opposition on September 6, 2005.  The court will, by separate order, deny the motion to withdraw the claim.  The court finds that allowing the withdrawal of the claim is unfairly prejudicial to the Debtor for two reasons.  First, if the court finds that there are pre-petition arrearages, then Debtor would be deprived of having plan payments applied to them, the payments being diverted to lower priority creditors.  Next, Debtor is deprived of having a convenient forum for the resolution of the dispute.  What is troubling to the court is, because of the various personal injuries that appear to be a portion of the damages claimed, that this court may lack jurisdiction over a portion of the issues presented.  28 U.S.C. § 157(b)(5).

There remain the issues of the Maryland Consumer Debt Collection Act and breach of contract claims.  Because the discovery was framed so as to include a number of counts that are no longer before the court, the court will not order discovery with respect to matters that are no longer in issue.

As to the substance of the Motion, on May 17, 2005, Option One's First Set of Interrogatories and First Request for Production of Documents was served, with responses and answers due on June 20, 2005.  As a matter of professional courtesy, the Defendant granted three extensions of time.  Plaintiff seeks to escape responsibility for her failure to respond to discovery by her claim that her health problems, alleged to have been induced by the actions of Defendant, rendered her unable to respond more quickly.  This is a blatant attemmpt to take advantage of the professional courtesies extended with respect to discovery that was due for answer by June 20, 2005.  She has been granted every opportunity to perform her legal duty, and her actions justify dismissal of her complaint.  The answers when finally delivered were wholly inadequate.  The court will grant Plaintiff one final opportunity to comply with the required discovery.

The court will deal with individual Interrogatories:

**Int. No. 1** - Plaintiff must particularize her objection to the elements (in dollar amounts) of the proof of claim to which she objects.

**Int. No. 2** - Plaintiff must answer this interrogatory with particularity, giving the dates and amounts of the items as to which she claims are not properly charged to her account.

**Int. No. 4** - To the extent that Plaintiff admits that she did not tender the entire monthly installment under the Note in full when due, she must identify by date the particular installment and state the amount, if any, tendered on the payment.

**Int. No. 13** - Plaintiff must identify each category of damage claimed.  As to each category, Plaintiff must state the amount of monetary damage claimed and the basis for the calculation of damage.

**Int. No. 14** - Plaintiff must identify the individuals with personal knowledge of the viable counts of the Complaint and describe in general terms the testimony she expects to elicit from the individual.  Plaintiff will not be permitted to call as a witness any person not so described.

**Int. No. 15** - This interrogatory must be answered fully, both as to the alleged violation of the Maryland Fair Debt Collection Act and the amount of damage resulting.

**Int. No. 16** - This interrogatory must be answered fully, both as to the alleged breach of contract and the resulting damage sustained.

**Int. No. 17** - This interrogatory must be answered fully as to the reasons provided by Lockheed Martin to the Plaintiff for the termination of her employment.

**Int. No. 19** - This interrogatory complements Int. No. 17 and the names of individuals

must be supplied.

**Int. No. 21** - Plaintiff must comply fully with Fed. R. Civ. P. 7026(a)(2), failing which the expert testimony will not be received in evidence.

With respect to the request for Production of Documents, the court notes that there has been an utter failure to respond to the request. No document will be admitted into evidence that is not produced as ordered. The production shall be made in accordance with the request, but overall there must be production of all documents evidencing payment, as well as the existence of continuing property insurance and communications with the defendants Draper & Goldberg, particularly as well any documents evidencing that Option One sought to enforce a right knowing that the claim that it was asserting did not exist. An appropriate order will be entered providing for the enforcement of discovery and amending the Revised Scheduling Order to allow defendants to complete discovery **by October 13, 2005.**

cc:
Sylvia C. Palm, 13109 B Millhaven Place, Germantown, MD 20874
Susan J. Klein, Esq., Gordon Feinblatt, 233 East Redwood Street, Baltimore, MD 21202
Robert J. Haeger, Esq., 9535 Fern Hollow Way, Gaithersburg, MD 20886
Rita Ting-Hopper, Draper & Goldberg, 803 Sycolin Road, #301, Leesburg, VA 20175
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**